UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZAMAMBU KINDU,

  Petitioner,

  v.

BRIAN ENGLISH,

  Respondent.

CAUSE NO. 3:26cv669 DRL-SJF

OPINION AND ORDER

The respondent filed a motion to alter or amend the judgment under Rule 59(e). Beforehand, on July 7, 2026, the court granted this habeas corpus petition, finding that the respondent had failed to demonstrate that Zamambu Kindu's removal to the Democratic Republic of Congo would occur within the reasonably foreseeable future, and ordered the respondent to release Mr. Kindu by July 9, 2026. That day, things changed, and the respondent filed his motion to explain that the government received travel documents from the Democratic Republic of Congo on July 7 and that Mr. Kindu was scheduled for removal on July 24. The respondent attached a copy of the travel document. Based on this information, the court vacated the order requiring the respondent to release Mr. Kindu and deferred a ruling until Mr. Kindu had an opportunity to respond.

Mr. Kindu has now responded, arguing that the respondent has not demonstrated that his removal to the Democratic Republic of Congo is reasonably foreseeable. He maintains that the travel document submitted by the respondent warrants scrutiny given that it suggests that it was delivered to the government on June 25, 2026, and given that it

was filed on the date on which the court had ordered his release. Mr. Kindu contends that the discrepancy regarding the date on which the government received the travel document and the fortuitous timing of receiving it on July 7—the now-vacated deadline for his release—casts suspicion on its authenticity, and he seeks an evidentiary hearing.

The court disagrees that circumstances warrant an evidentiary hearing. The respondent acknowledged that the travel document was issued by the Democratic Republic of Congo on June 25 and then was received by the government on July 7, and there are numerous administrative or delivery-related circumstances that could plausibly explain these two dates. And the precise date on which the government received the travel document is immaterial to the ultimate issue here. Moreover, the seeming fortuitous (or unfortunate) timing of when the government received the travel document does not alone suggest fraudulent conduct. The Democratic Republic of Congo's response had to come at some point, and these habeas proceedings may well have prompted the government to follow up on its longstanding application for travel documents; or the Democratic Republic of Congo merely decided when it did.

Mr. Kindu further challenges the travel document by noting that it is a Laizer-Passer Standing document and that the respondent offers no evidence that it would be accepted for international travel. However, the respondent cites to the website for the Embassy of the Democratic Republic of Congo in Washington D.C that reports that a "Laissez-Passer Tenant Lieu de passeport" allows "Congolese Nationals to travel one way to the DRC." Mr. Kindu also contends that international airlines could decline to accept the travel document because it does not comply with guidance from the International Civil Aviation Organization; but,

even assuming that the government's options are limited to commercial flights, this concern would be too speculative to suggest that his removal to the Democratic Republic of Congo is not reasonably foreseeable, or that there are no options available in this day and age for international travel.

Mr. Kindu references the Ebola virus outbreak in the Democratic Republic of Congo, which the court adequately addressed in its prior order. Though he questions the government's representations that this outbreak does not prevent his removal, the court remains satisfied that the government is aware of whether it is willing to remove individuals to particular countries. And the fact that the Democratic Republic of Congo issued the travel document in June 2026 indicates that the Democratic Republic of Congo is similarly willing to accept him, despite the happenings on its homefront.

More concerning is Mr. Kindu's representation that he remains at the Miami Correctional Facility as of July 24, 2026, which suggests that the scheduled removal did not proceed as planned. It would be wise in the future for the respondent to provide the court prompt notice of such developments and reasons why they occurred when a habeas petition or substantive motion is pending. Nevertheless, given that the Democratic Republic of Congo recently issued a travel document that remains valid until December 24, 2026, and given the short turnaround since the travel document was received by the United States government, the court is persuaded that Mr. Kindu's removal will occur within the reasonably foreseeable future. Circumstances may change, and those circumstances or the government's mere inaction or inability to execute over time on a travel document for no good or apparent reason may alter the perspective about the likelihood of removal, but that

3

day is not today. The court grants the motion to alter or amend judgment and denies the habeas petition.

Mr. Kindu filed a motion to enforce the habeas order compelling his immediate release. Vacatur of that order moots this request, but the court will briefly address Mr. Kindu's request for sanctions against the respondent for failing to comply with the court's order before the order vacating his release had entered. The court does not encourage willful failures to comply with its orders. Given that the respondent received new material evidence that would likely alter, if not at least impact, the court's analysis as the deadline to release Mr. Kindu expired, and given that the respondent acted promptly by notifying the court, the court sees no cause for sanctions today. Furthermore, considering the court's reasoning in the now-vacated order, if the respondent had released Mr. Kindu, it would have been lawful for the government to detain him immediately again, so the parties would be in the same position as they are now. The court declines to sanction the respondent under these circumstances and denies the motion to enforce judgment.

For these reasons, the court:

(1) DENIES the motion to enforce judgment (ECF 18);

(2) GRANTS the motion to alter or amend judgment (ECF 15);

(3) DENIES the habeas petition (ECF 2); and

(4) DIRECTS the clerk to enter judgment for the respondent and close this case.

SO ORDERED.

July 28, 2026                                      *s/ Damon R. Leichty*
                                                   Judge, United States District Court

4